**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-7034**

BILLY SIMMONS,

Petitioner - Appellant,

v.

BRUCE HODGES,

Respondent - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:23-cv-00926-CCE-JEP)

Submitted:  March 27, 2025                          Decided:  April 1, 2025

Before THACKER and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Billy Simmons, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Simmons seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing as untimely Simmons's 28 U.S.C. § 2254 petition. *See Gonzalez v. Thaler*, 565 U.S. 134, 148 & n.9 (2012) (explaining that § 2254 petitions are subject to one-year statute of limitations, running from latest of four commencement dates enumerated in 28 U.S.C. § 2244(d)(1)). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez*, 565 U.S. at 140-41 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Simmons's convictions for second-degree murder and possession of a firearm by a felon became final on August 31, 2020. Simmons's one-year limitations period to file his § 2254 petition thus expired on August 31, 2021. Simmons filed his § 2254 petition in October 2023, two years and two months after the one-year period expired. The magistrate judge correctly found that Simmons's belated attempt at collateral relief in state court did not toll the limitations period, his § 2254 petition was untimely filed, and that he failed to show an extraordinary circumstance warranting equitable tolling.

We have independently reviewed the record and conclude that Simmons has not made the requisite showing. Accordingly, we deny a certificate of appealability and

2

dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*